**Harold E. PHILLIPS, Petitioner,**

v.

**RAILROAD RETIREMENT BOARD, Respondent.**

No. 86–4113.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 19, 1987.

Decided Nov. 10, 1987.

Harold E. Phillips, pro se.

Bill Flynn (argued), Paducah, Ky., for petitioner.

Dale Zimmerman, General Counsel, Bureau of Law, Michael C. Litt (argued), Chicago, Ill., for respondent.

Before LIVELY, Chief Judge, WELLFORD, Circuit Judge, and BROWN, Senior Circuit Judge.

PER CURIAM.

This is a petition for review of a final decision of the Railroad Retirement Board denying petitioner's application for a waiver of the Board's right to recover the overpayment of railroad retirement benefits. It is conceded by the petitioner that he was overpaid, but he contends that he was without fault in that a representative of the Railroad Retirement Board advised him that the earnings of a wholly-owned business did not disqualify him from receiving benefits. The Board denied petitioner's claim for recovery of the overpayment upon finding that he was at fault in causing the overpayment "because he failed to report to the Board earnings from the electrical business which he owned."

In seeking review the petitioner maintains that the final decision of the Board denying a waiver was an abuse of discretion and an error of law. The Board in response states that its decision was based on substantial evidence and that there was no error of law. The statute under which the Board is authorized to deny recovery of an overpayment clearly is written in terms of discretion. 45 U.S.C. § 231i(c) provides as follows:

There shall be no recovery in any case in which more than the correct amount of annuities or other benefits has been paid under this subchapter to an individual or payment has been made to an individual not entitled thereto who, in the judgment of the Board, is without fault when, in

the judgment of the Board, recovery would be contrary to the purpose of this subchapter and the Railroad Unemployment Insurance Act [45 U.S.C.A. § 351 et seq.] or would be against equity or good conscience.

In his application for benefits the petitioner appears to have answered the question, "Did you work as a self-employed person during the last 12 months?" as follows: "Own electrical shop" (Phillips Bros. Electrical Contractors Inc.). This answer was scratched out and a check mark in a box marked "Yes" was erased and replaced by a check mark in a box marked "No." The petitioner relies on this evidence to establish that he was misled by an agent of the Board into believing that income from the wholly-owned business that resulted from dissolution of Phillips Bros. Electrical Contractors Inc. was not disqualifying. However, it is an equally acceptable interpretation of this evidence that at the time of the application petitioner thought that being the sole stockholder of a corporation made him a self-employed person and the representative of the Board merely pointed out that a shareholder as such does not earn income from a corporation. When requested to clarify his relationship to Phillips Bros., petitioner caused a letter to be written to the Board merely stating that he had resigned as president and treasurer of the corporation and that during his tenure of office he did not receive compensation of any kind from the corporation. The petitioner did not advise the Board of the subsequent dissolution of the corporation and of his sole ownership as it continued to operate as a proprietorship. The petitioner did report self-employed income for income tax and social security purposes from the sole proprietorship. This income disqualified him for benefits and resulted in the overpayment.

Upon consideration of the briefs and oral arguments of counsel together with the record on appeal, this court concludes that the Railroad Retirement Board did not abuse its discretion in its decision to press for recovery of these overpayments.

The petition for review is denied, and the decision of the Board is affirmed.